JOHN KRONE v. HENRY KRONE.

*Statute of limitations—Payment,*

An outlawed note cannot be revived by applying upon it a payment not intended to be made on it, nor supposed to be so by the parties.

Error to Huron. Submitted April 10. Decided April 16.

ASSUMPSIT. Plaintiff brings error.

*Engle & Bacon* for plaintiff in error.

*Winsor & Snover* for defendant in error. Payment cannot release a claim from the bar of the statute of limitations if not made on that specific claim, *Jewett v. Petit,* 4 Mich., 508; *State Bank v. Wooddy,* 5 Eng. (Ark.), 638; *Arnold v. Downing,* 11 Barb., 554; *Aldrich v. Morse,* 28 Vt., 642; *Read v. Hurd,* 7 Wend., 408; *Tippetts v. Heane,* 4 Tyrw., 772; *Carlisle v. Morris,* 8 Ind., 421; 2 Pars. N. & B., 655, n.; Angell on Limitations, 263.

PER CURIAM. The only question properly raised on the record is whether where a person holds a note against another which from lapse of time is not supposed to remain in force, a payment of money not intended or supposed by the parties to be made on the note can be applied on it so as to revive it and thus remove the bar of the statute of limitations. We think the proposition is absurd.

The judgment must be affirmed with costs.